**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THERESITA DIETRICH,**

      **Plaintiff,**                         Case No. 05-72113

**vs.**                                              **HONORABLE DENISE PAGE HOOD**

**RICHARD K. STEPHENS,** et al.**,**

      **Defendants.**
_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment filed September 6, 2005. In addition, Plaintiff filed a Motion for Leave to File Amended Complaint on October 5, 2005. Defendants filed their Response to Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment on September 21, 2005. Plaintiff filed her Brief in Opposition to Defendants' Counter Motion for Summary Judgment on October 5, 2005. Plaintiff further filed an Amended Motion for Summary Judgment on February 7, 2006 essentially presenting the same arguments contained in the initial Motion for Summary Judgment–that Defendants defaulted on the note and to enter judgment against Defendants in this case.

Plaintiff Theresita Dietrich [hereinafter "Plaintiff"] alleges in her Complaint filed on May 27, 2005, three counts against Defendants Richard K. Stephens and 718 Notre Dame Mtg., L.L.C. [hereinafter "Defendants"]. They are: (1) Priority Interest In Real Property; (2) Foreclosure against Real Property; and (3) Breach of Contract.

In the original Motion, the Plaintiff asks this Court to grant the Motion for Summary Judgment and order: (1) that the Plaintiff shall retain all payments made to date; (2) that the Plaintiff shall take possession of and have legal title to all assets of the Defendants, Notre Dame Management, L.L.C., including the property located at 718 Notre Dame, Grosse Pointe, Michigan; and (3) that the Plaintiff be awarded interest, costs, and attorney fees.

In Plaintiff's Motion to File Amended Complaint, the Plaintiff asks this Court to permit her to filed an amended complaint which adds 718 Notre Dame, L.L.C. as a defendant, along with costs expended for filing and appearing on the motion.

For the reasons stated herein, this Court GRANTS Defendants' Cross-Motion for Summary Judgment, DENIES Plaintiff's Motion for Summary Judgment and Amended Motion for Summary Judgment, and MOOTS Plaintiff's Motion for Leave to File Amended Complaint.

## II. BACKGROUND/FACTS

On May 4, 2004, Defendant Stephen agreed to purchase from the Dietrich Family Trust a commercial office building and property located at 718 Notre Dame, Grosse Pointe, Michigan. (Pls. Comp. ¶ 6). On the same date, the parties agreed on a purchase price for the aforementioned property and signed a promissory note. (Pls. Comp. ¶ 7). A lawsuit was brought by The Dietrich Family Irrevocable Family Trust in Wayne County Circuit Court to enforce the provisions of the promissory note. On February 18, 2005, in Case. No. 04-426882-CK, Judge Daphne Means Curtis, in The Dietrich Family Irrevocable Family Trust v. Richard K. Stephens, individually and as incorporator of 718 Notre Dame Mtg., L.L.C. and 718 Notre Dame Mtg., L.L.C., issued an Order to Dismiss with Prejudice and Without Costs Pursuant to Settlement Agreement.  (Def.'s Resp. To

2

Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J., Ex. D).  Plaintiff Dietrich is a successor-in-interest to the Dietrich Family Irrevocable Trust.  (Pls. Comp. ¶ 1).

## III. STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to

3

require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV. APPLICABLE LAW & ANALYSIS

### A. *Res Judicata*[1]

The Defendants assert Plaintiff seeks to litigate an issue that has been previously been litigated in the Wayne County Circuit Court, case number 04-426882-CK, in front of Judge Daphne Means Curtis. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J. at 2, 4-5). Defendants attached the Order to Dismiss With Prejudice and Without Costs Pursuant to Settlement Agreement in the case heard before Judge Curtis, The Dietrich Family Irrevocable Family Trust v. Richard K. Stephens, individually and as incorporator of 718 Notre Dame Mtg., L.L.C. and Notre Dame Mtg., L.L.C. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J., Ex. D). The order states, "[t]his Order resolves the last pending claim and closes this case." (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J., Ex. D). Plaintiff denies that there was ever an agreement that actually settled the case. (Pl.'s Br. In Opp'n to Def.'s Counter Mot. For Summ. J. at 1). Plaintiff states, "[t]he 'settlement' was not a final discharge of the obligations of the defendants; rather it was a ratification of the defendants' obligations, which are still not fulfilled, despite being overdue." (Pl.'s Br. In Opp'n to Def.'s Counter Mot. For Summ. J. at 1).

---

[1] The Supreme Court in Michigan generally uses the term "*res judicata*" to refer to what is often called "claims preclusion," which covers the preclusive effect of a judgment upon a subsequent proceeding on the basis of the same cause of action. The term "collateral estoppel" refers to issue preclusion. *People v. Gates*, 452 N.W.2d 627, 630 n. 7 (1990).

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give the same preclusive effect to a state court judgment that a court of the state in which the judgment was rendered would accord the judgment. *See Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *Heyliger v. State Univ. And Community College Sys. Of Tenn.*, 126 F.3d 849, 851 (6th Cir. 1997). A federal court looks to the law of the state where the judgment was issued to determine the extent of the preclusive effect of the prior state court judgment. *Heyliger*, 126 F.3d at 851-852. The Sixth Circuit has noted "the perennial confusion over the vocabulary and concepts of the law of preclusion." *Id*. at 852. The Supreme Court has instructed that:

> the preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "*res judicata*." *Res judicata* is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to a direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra*, 465 U.S. at 77 n. 1.

Michigan law requires a court to apply claim preclusion if: (1) there was a prior and final decision on the merits; (2) the parties in both lawsuits are the same; and (3) the matter in the second case was, or could have been, resolved in the first lawsuit. *Reid v. Thetford Twp.*, 377 F. Supp.2d 621, 624-625 (E.D. Mich. 2005); *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (Mich. 2004). Once the three elements are met, claim preclusion can operate in two ways. It will bar "not only claims already litigated, but every claim arising from the same transaction that the parties,

exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575 (2001). The doctrine of *res judicata* is employed to prevent multiple suits litigating the same cause of action. *Adair*, 105 Mich. App. at 121. The Court addresses the three elements below.

### B. Prior and Final Decision on the Merits

The parties agree that there was a prior action between the parties. The prior case was litigated in Wayne County Circuit Court, case number 04-426882-CK, in front of Judge Daphne Means Curtis. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J. at 2, 4-5). An order was issued in that case dismissing the case with prejudice pursuant to a settlement agreement. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J., Ex. D).

Defendants state that the settlement agreement between the parties before the Wayne County Circuit Court is binding upon the Plaintiff. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J. at 4-5). Paragraph 4 of the agreement states:

> Notre Dame and the Trust acknowledge that the Promissory Note executed on June 4, 2004 is valid and in effect as between Notre Dame and the Trust. The parties further acknowledge that there are no other promissory notes or other instruments that are in effect and valid between the parties.

(Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J., Ex. C).

This Court finds that the Order to Dismiss With Prejudice and Without Costs Pursuant to Settlement Agreement entered by the Wayne County Circuit Court was a prior and final decision on the merits of the case. The Order to Dismiss With Prejudice before the Wayne County Circuit Court states "[t]his Order resolves the last pending claim and closes this case." The Order to Dismiss With Prejudice reveals that the Order was entered pursuant to the *Defendants' Motion to*

*Enforce Settlement Agreement*. Any argument by Plaintiff in this case that there was no settlement agreement between the parties in the Wayne County Circuit Court action is belied by the statement in the Order that Defendants' brought a Motion to Enforce Settlement Agreement and, by the entry of the Order to Dismiss With Prejudice, the Wayne County Circuit Court apparently found that there was such an agreement. Although there may not have been a "signed" Settlement Agreement as argued by Plaintiff (neither party has submitted a copy of a "signed" Settlement Agreement), a settlement agreement need not be signed in order to be enforceable by a court. The Michigan Court Rules expressly state that a settlement agreement is enforceable if in writing or set forth in open court. M.C.R. 2.507(G); *Michigan Mut. Ins. Co. v. Indiana Ins. Co.,* 247 Mich. App. 480, 484-85 (2001). Whatever the terms of the Settlement Agreement are, the parties are bound by those terms and the Wayne County Circuit Court lawsuit determined with finality the issue before it based on the Settlement Agreement entered into by the parties. The claims before this Court involve Priority Interest in Real Property (Count I), Foreclosure against Real Property (Count II), and Breach of Contract based on the promissory notes and purchase agreement (Count III)[2]. With regards to the claims currently before the Court, the first element of *res judicata* has been met.

### C. The Parties in Both Lawsuits are the Same

The parties to the Wayne County Circuit Court case were The Dietrich Family Irrevocable Family Trust, Plaintiff, and Richard K. Stephens and Notre Dame Mtg., L.L.C., Defendants. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J., Ex. D). Plaintiff is a

---

[2] A breach of contract claim based on the Settlement Agreement entered into by the parties before the Wayne County Circuit Court has not been alleged by Plaintiff and is not before this Court. Neither party has presented any evidence or authority as to which Court–the Wayne County Circuit Court or this Court–has jurisdiction to review any breach of the Settlement Agreement claim or to review a request to enforce the Settlement Agreement.

successor-in-interest to the Dietrich Family Irrevocable Trust. (Pls. Comp. ¶ 1). Plaintiff offers no authority which would indicate that a successor-in-interest is not bound to the rulings in a prior litigation. Defendants assert that since Plaintiff is a successor-in-interest by the Dietrich Trust she would also be a successor-in-interest to the Wayne County litigation. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J. at 4).

To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. *Adair,* 105 Mich. App. at 122. The outer limit of the doctrine traditionally requires both a "substantial identity of interests" and a "working functional relationship" in which the interests of the nonparty are presented and protected by the party in the litigation. *Id*.

Plaintiff concedes that she is a successor-in-interest to the Dietrich Family Irrevocable Family Trust. As successor-in-interest, Plaintiff was in privity with the Trust in Wayne County litigation. The second element of res judicata has been met.

### D. Matters Were or Could Have Been Resolved in the First Lawsuit

Defendants assert that all issues regarding the promissory note were litigated in the Wayne County lawsuit between the Deitrich Family Irrevocable Trust and the Defendants. (Def.'s Resp. To Pl.'s Mot. For Summ. J. And Def.'s Cross-Mot. For Summ. J. at 4). Plaintiff in this case asserts that since January 2005, the Defendants have failed and refused to make any payments on the promissory notes. (Pl.'s Mot. For Summ. J. at 3). Plaintiff also asserts that the Wayne County Circuit Court case only addresses the promissory note of June 4, 2004, and that Plaintiff is asserting claims in reference to not only the June 4th promissory note, but also a promissory note executed between the parties on May 4, 2004. (Pl.'s Br. In Opp'n to Def.'s Counter Mot. For Summ. J. at 2).

The Michigan Supreme Court has taken a broad approach to the doctrine of *res judicata*, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Id*. at 397 (citing *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999)). The proper test for the application of *res judicata* is the transactional test. *Arvinmeritor, Inc. v. City of Allegan*, No. 252135, 2005 WL 356242, at *3 (Mich.App. Feb. 15, 2005) (citing *Adair*, 680 N.W.2d at 398). Under this test, a claim is viewed in "factual terms" and considered "coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff;...and regardless of the variations in the evidence needed to support the theories or rights." *Id*. Whether "a factual grouping constitutes a 'transaction' for purposes of *res judicata* is to be determined pragmatically, by considering whether the facts are related in *time, space, origin, or motivation*, [and] whether they form a convenient trial unit..." *Id*. (emphasis in original).

The claims in the instant matter are the same as the claims set forth in the Wayne County lawsuit. Both parties agree that the Wayne County lawsuit involves the June 4, 2004 Promissory Note. Although Plaintiff argues that the Wayne County lawsuit did not involve the May 4, 2004 Promissory Note, this claim could have been raised before the Wayne County lawsuit since the property at issue in both notes is the same property–718 Notre Dame, Grosse Pointe, MI 48236. Additionally, Plaintiff has not submitted any evidence to rebut Defendant Stephens' affidavit and deposition testimony stating that the May 4, 2004 Promissory Note was voided and the original note was destroyed by the parties when they entered into the June 4, 2004 Note. (9/21/05 Stephens Aff., ¶ 7; 10/12/05 Stephens Dep. at 7-8) The Court finds that there is no indication that Plaintiff, with

due diligence, could not have asserted all her claims during the pendency of the lawsuit before the Wayne County Circuit Court. The third element of *res judicata* has been met.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's claims are barred by the doctrine of *res judicata.* Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed August 6, 2005]** is DENIED.

IT IS FURTHER ORDERED that Defendants' Cross-Motion for Summary Judgment **[Docket No. 12, filed September 21, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint **[Docket No. 21, filed October 5, 2005]** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Objections to the Magistrate Judge's Order to Compel Discovery and for Sanctions **[Docket No. 41, filed February 1, 2006]** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion for Summary Judgment **[Docket No. 45, filed February 7, 2006]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint **[Docket No. 1, filed May 27, 2005]** is DISMISSED with prejudice.



Dated: October 10, 2006  /S/ DENISE PAGE HOOD
Detroit, Michigan  UNITED STATES DISTRICT JUDGE

**Proof of Service**

The undersigned certifies that a copy of the foregoing Memorandum Opinion and Order was served on the attorneys of record herein by electronic means or U.S. Mail on **October 10, 2006**.

s/Kim Grimes
Acting in the absence of
William Lewis, Case Manager